IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-346-FL

| | | |
|---|---|---|
| MILDRED C. CHRISTMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NORTH CAROLINA DEPARTMENT | ) | |
| OF ADMINISTRATION, STATE OF | ) | |
| NORTH CAROLINA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion for the court to order the North Carolina Office of State Personnel to release Sondra Chavis's personnel file (DE # 68), filed March 7, 2012. Plaintiff responded on March 13, 2012, and the issue is ripe for adjudication. For the following reasons, defendant's motion is denied.

**BACKGROUND**

Defendant filed its motion in anticipation of trial, scheduled to begin March 26, 2012. In separate motion not addressed here, defendant seeks permission to cross-examine one of plaintiff's disclosed witnesses, Sondra Chavis, regarding her state criminal convictions on twelve counts of Misrepresentation to Obtain ESC Benefits, for conduct occurring between September 1993 and January 1994. Defendant also seeks permission to cross-examine Ms. Chavis regarding her possible failure to disclose the convictions on her 1994 state employment application.

**DISCUSSION**

The North Carolina General Statutes designate as confidential certain information contained in a state employee's personnel file. N.C. Gen. Stat. § 126-22 et seq. However, "[a] party by authority of a proper court order may inspect and examine a particular confidential portion of a State employee's personnel file." N.C. Gen. Stat. § 126-24(4).

The court first notes that discovery in this case concluded October 1, 2010, pursuant to order entered July 29, 2010. Yet defendant has waited until March 7, 2012, less than three weeks before trial, to file this motion.

More importantly, defendant has not shown that it would suffer prejudice if unable to obtain Ms. Chavis's employment application. Defendant purportedly has been informed by Office of State Personnel officials that Ms. Chavis's application form does not reveal her prior convictions for Misrepresentations to Obtain ESC Benefits. The application itself would be inadmissible pursuant to Federal Rule of Evidence 608(b), which prohibits introduction of extrinsic evidence to prove specific instances of a witness's conduct for the purpose of attacking the witness's character for truthfulness. Fed. R. Evid. 608(b). Thus, even if the court were to allow defendant to cross-examine Ms. Chavis about her alleged failure to disclose on her employment application previous criminal convictions, the application would not be admissible.[1]

---

[1] The court does not determine here whether defendant may cross-examine Ms. Chavis regarding her alleged failure to disclose her previous criminal convictions on her employment application. This issue is in part the subject of defendant's pending motion at docket entry number 65.

## CONCLUSION

For the foregoing reasons, defendant's motion for the court to order the Office of State Personnel to release Sondra Chavis's personnel file (DE # 68) is DENIED.

SO ORDERED, this the 14th day of March, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge

3