IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-346-FL

| | |
|---|---|
| MILDRED C. CHRISTMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF ADMINISTRATION, STATE OF ) | |
| NORTH CAROLINA, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on defendant's motion for a stay of the case (DE # 74), filed March 14, 2012. For the following reasons, defendant's motion is DENIED.

## BACKGROUND

Plaintiff Mildred C. Christmas, an African-American female, initiated this action by filing complaint in Wake County Superior Court, alleging discrimination on the basis of race, discrimination on the basis of gender, and retaliation, all under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. Defendant North Carolina Department of Administration ("NCDOA") removed the case to this court on July 31, 2009, and filed answer shortly thereafter.

On November 1, 2010, defendant filed motion for summary judgment as to all claims. By order entered May 16, 2011, the court granted defendant's motion as to plaintiff's Title VII retaliation claim, but denied the motion as to plaintiff's Title VII discrimination claim. Final pre-trial conference was held before the undersigned on March 5, 2012. Trial begins March 26, 2012.

## DISCUSSION

Defendant now asks the court to stay this case. In support, defendant informs that Yvonne Holley, an African-American female who was also denied promotion to State Purchase Administrator ("SPA") position number 6709, the same position for which plaintiff was denied promotion, has filed notice of appeal in her case, Holley v. North Carolina Dep't of Admin., 5:09-cv-345-D (E.D.N.C. filed July 31, 2009).

Like plaintiff, Ms. Holley filed complaint under Title VII against the North Carolina Department of Administration, alleging gender discrimination, race discrimination, and retaliation. On February 10, 2012, the Holley court granted the NCDOA summary judgment on all claims and directed the clerk to close the case. Holley, 5:09-cv-345-D (E.D.N.C. Feb. 10, 2012) (order granting summary judgment). Ms. Holley filed notice of appeal on March 12, 2012. Holley, 5:09-cv-435-D (E.D.N.C. Mar. 12, 2012) (notice of appeal).

Defendant contends that the court should stay this case pending the Fourth Circuit's resolution of Ms. Holley's appeal. Defendant argues that under the doctrine of collateral estoppel, disposition of Ms. Holley's appeal could preclude plaintiff's claim.

With respect to collateral estoppel, the Fourth Circuit has held:

> Collateral estoppel forecloses "the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate." Ramsay v. INS, 14 F.3d 206, 210 (4th Cir.1994) (quotation omitted). For collateral estoppel to apply, the proponent must establish that: (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum. See id.

2

Case 5:09-cv-00346-FL   Document 77   Filed 03/15/12   Page 2 of 4

Sedlack v. Braswell Services Group, Inc., 134 F.3d 219, 224 (4th Cir. 1998).

Defendant has not identified an issue in this case that is identical to one that was litigated at the district court level, or that would be litigated on appeal, in Holley. Defendant asserts that "Ms. Christmas and Ms. Holley both allege that they were denied a promotion to State Purchase Administrator position #6709 based on race and gender." Def.'s Mem. 4. Yet this similarity does not equate to an identity of issues. As the parties recently affirmed in their joint statement of the case, submitted to the court on March 15, 2012, the key issue here is whether defendant discriminated against plaintiff on the basis of her race, gender, or both, in failing to promote plaintiff to the position of State Purchase Administrator. This issue is unique to plaintiff and was of course not litigated in Holley, where the issue was, *inter alia*, whether defendant discriminated against Ms. Holley.

Similarly, where plaintiff was not a party to Holley, she would not have had a full and fair opportunity to litigate any issue in that case at the district court level, nor will she have an opportunity to do so on appeal. Accordingly, issue preclusion is not applicable here.

## CONCLUSION

For the foregoing reasons, defendant's motion for a stay of the case (DE # 74) is DENIED.

SO ORDERED, this the 15th day of March, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge

4